# COURT OF APPEALS
# DECISION
# DATED AND FILED

## July 21, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1002**

Cir. Ct. No. **2023CV6040**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

MOHAMMAD KHAN AND UMER KHAN,

 PLAINTIFFS-APPELLANTS,

 V.

WISCONSIN CONSUMER CREDIT LLC AND NATIONAL ASSET SOLUTIONS, INC.,

 DEFENDANTS-RESPONDENTS,

KONRAD BENJAMIN,

 DEFENDANT.

   APPEAL from an order of the circuit court for Milwaukee County: KASHOUA KRISTY YANG, Judge. *Affirmed*.

   Before Donald, C.J., Colón, P.J., and Petrashek, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Mohammed Khan and Umar Khan (the Khans) appeal from the order denying their motion for reconsideration of an order dismissing their action against Wisconsin Consumer Credit LLC and National Asset Solutions, Inc. (collectively, the Creditors). We conclude the circuit court did not erroneously exercise its discretion when it denied the motion for reconsideration, and we affirm.

## BACKGROUND

¶2 The Khans alleged that at a planned exchange in Lake Geneva in January 2023, they paid over $29,000 in cash to Konrad Benjamin to purchase a 2015 Lexus. The Khans returned home to Illinois where they registered the vehicle and received an Illinois title. In July 2023, the Creditors had a local towing company remove the Lexus from the Khans' residence in Illinois, as an act of repossessing the vehicle under a judgment obtained against Benjamin. In August 2023, the Khans brought a complaint against the Creditors and Benjamin, alleging ten counts including breach of contract, intentional misrepresentation, civil theft, violations of the Wisconsin Consumer Act (WCA), a violation of the Federal Fair Debt Collection Practices Act (FDCPA), two types of trespass, conversion, and replevin.

¶3 The Creditors separately moved to dismiss the claims, arguing that the Khans had failed to state a claim upon which relief could be granted, the WCA was inapplicable, the Khans lacked standing to pursue these claims directly, and there was no contract between either of the Creditors and the Khans. Following a

hearing, the circuit court signed a proposed order on February 14, 2024, dismissing all claims against the Creditors with prejudice.

¶4      The Khans did not object to or appeal the order, but rather moved for reconsideration at the circuit court's suggestion. Although the motion summarily urged the court to reconsider its dismissal of the civil theft, FDCPA, trespass, conversion, and replevin claims, the substance of the motion was directed to the civil theft claim and the notion that the Khans were bona fide purchasers of the vehicle. The Khans' motion argued that the court made a manifest error of law by applying an improper standard of law to the motion to dismiss and by not accepting as true all factual allegations in the complaint.

¶5      At the reconsideration hearing, the circuit court observed that the Khans addressed only the substance of the civil theft claim in their briefing. The Khans responded that civil theft was the "linchpin" of their other claims, because if they established that they were bona fide purchasers of the Lexus then the Creditors did not have the right to repossess the vehicle. They contended that if the civil theft claim was revived, the other claims should follow.

¶6      During the hearing, the Khans acknowledged that the prior order had dismissed their claims with prejudice, but they argued there had been no finding of bad faith conduct to justify the "with prejudice" dismissal. The court observed that the Khans failed to object to the proposed order under the Five-Day Rule,[1] including by not challenging the dismissal with prejudice. Further, the court

_____

[1] Under Milwaukee County Circuit Court Local Rule 1.21, a proposed order is filed with the court, served upon all parties, and held by the court for five business days after it is received, during which time any party may file a written objection accompanied by a proposed order consistent with the objection.

3

observed that the Khans' motion for reconsideration made no argument that dismissal with prejudice was not appropriate.

¶7     The circuit court made an oral ruling the following day.  The court determined that the Khans did not allege sufficient facts to show they were bona fide purchasers who were entitled to possession of the Lexus despite the Creditors' perfected security interest.  The court then concluded that the Khans failed to meet their burden to show the court made a manifest error of fact or law, and it affirmed the dismissal of the claims for civil theft, the FDCPA violation, trespass, conversion, and replevin.

¶8     The court also concluded that the Khans' objection to dismissal with prejudice, made for the first time at the hearing, was forfeited because it was untimely.   The court entered a written order denying the motion for reconsideration, from which the Khans now appeal.[2]

## DISCUSSION

¶9     As a threshold issue, we directed the parties to address whether this court has appellate jurisdiction over the issues raised on appeal.  Generally, a litigant only has a right to appeal a final judgment or order.  WIS. STAT. § 808.03(1) (2023-24).[3]  An order denying a motion for reconsideration is not appealable when it "presents the same issues as those determined in the order or

---

[2] The Creditors moved to dismiss the Khans' appeal as untimely, asserting this court was without appellate jurisdiction to review it.  We concluded that while we do not have jurisdiction over the underlying order of dismissal because the appeal was initiated after the deadline, we may have jurisdiction over the May 1, 2024 order denying reconsideration.  We directed the parties to address whether this court has appellate jurisdiction for the claims raised in the appeal.

[3] All references to the Wisconsin Statutes are to the 2023-24 version.

judgment sought to be reconsidered." *Silverton Enters., Inc. v. General Cas. Co. of Wis.*, 143 Wis. 2d 661, 665, 422 N.W.2d 154 (Ct. App. 1988). However, a litigant has the right to appeal an order denying reconsideration to the extent that it presents new issues—that is, issues other than those determined by the order or judgment that is the subject of the motion for reconsideration. *Ver Hagen v. Gibbons*, 55 Wis. 2d 21, 26, 197 N.W.2d 752 (1972).

¶10     The Creditors argue that the Khans did not raise any "new issues" in their motion for reconsideration; therefore, we would not have jurisdiction to consider this appeal.[4]  The Khans argue that their motion for reconsideration presented new issues based on the circuit court's manifest error of law in applying the motion to dismiss standard, satisfying the *Ver Hagen* test. *See id.*

¶11     The *Ver Hagen* "new issues" test requires this court to compare the issues raised in the motion "for reconsideration with those disposed of in the order dismissing [the] complaint." *Harris v. Reivitz*, 142 Wis. 2d 82, 87, 417 N.W.2d 50 (Ct. App. 1987).  The original February 14, 2024 order dismissing the Creditors as defendants in this action concluded that the Khans' claims were premised on the WCA, but the court held that law did not apply to their action and there was no contractual privity to support a breach claim.  The Khans' motion for reconsideration argued that the court did not apply the correct standard for a motion to dismiss with respect to the civil theft, trespass, conversion, replevin, and

---

[4] The Creditors rarely provide citations to the record, instead citing to their own appendices.  This is improper.  Such a failure to cite to the record is a violation of WIS. STAT. RULE 809.19(1)(d) of the rules of appellate procedure, which requires parties to include in their briefs "facts relevant to the issues presented for review, with appropriate references to the record." *See United Rentals, Inc. v. City of Madison*, 2007 WI App 131, ¶1 n.2, 302 Wis. 2d 245, 733 N.W.2d 322 (emphasis omitted).

the FDCPA violation, although the substance of the Khans' arguments focused only on the civil theft claim.

¶12    We conclude that sufficiently new issues were raised in the motion for reconsideration, even if they relate to grounds relied upon in the original dismissal order.   We are satisfied that the order denying reconsideration is appealable.  *See Harris*, 142 Wis. 2d at 89-90.

¶13    We now turn to the merits of the Khans' appeal of the order denying reconsideration.  "To prevail on a motion for reconsideration, the movant must present either newly discovered evidence or establish a manifest error of law or fact."  *Koepsell's Olde Popcorn Wagons, Inc. v. Koepsell's Festival Popcorn Wagons, Ltd.*, 2004 WI App 129, ¶44, 275 Wis. 2d 397, 685 N.W.2d 853.  To demonstrate manifest error, the movant must make a "heightened showing of 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'"  *Bauer v. Wisconsin Energy Corp.*, 2022 WI 11, ¶14, 400 Wis. 2d 592, 970 N.W.2d 243 (quoting *Koepsell's*, 275 Wis. 2d. 397, ¶44).  The error "must be more than disappointment or umbrage with the ruling[.]"  *Bauer*, 400 Wis. 2d 592, ¶14.

¶14    "We review a [circuit] court's decision on a motion for reconsideration under the erroneous exercise of discretion standard."  *Koepsell's*, 275 Wis. 2d. 397, ¶6.  We will "affirm the circuit court's decision unless it 'fails to examine the relevant facts, applies the wrong legal standard, or does not employ a demonstrated rational process to reach a reasonable conclusion.'"  *Bauer*, 400 Wis. 2d 592, ¶11 (quoting *Borreson v. Yunto*, 2006 WI App 63, ¶6, 292 Wis. 2d 231, 713 N.W.2d 656).

¶15     The motion for reconsideration asserted that the circuit court had not applied the proper legal standard when it analyzed the motion to dismiss, contending that the court considered all claims in relation to the WCA instead of evaluating them under notice pleading standards.  When reviewing a motion to dismiss, "factual allegations in the complaint are accepted as true"; however, legal conclusions are not.  *Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶18, 356 Wis. 2d 665, 849 N.W.2d 693.  A reviewing court must "accurately distinguish pleaded facts from pleaded legal conclusions." *Id.*, ¶19.  Although the complaint is liberally construed, the court may not "add facts in the process[.]" *Doe v. Archdiocese of Milwaukee*, 2005 WI 123, ¶19, 284 Wis. 2d 307, 700 N.W.2d 180.  It may not sustain a complaint only by "indulg[ing] in too much speculation[.]" *Id.*, ¶36 (citation omitted).

¶16     On appeal, the Khans argue that the circuit court disregarded their arguments and turned a "wholesale blind-eye to the four corners" of the complaint. They assert that their complaint properly pled that they were bona fide purchasers who demonstrated due diligence during the transaction; however, they portray the circuit court as focused on dismissal, asserting that "the [c]ircuit [c]ourt remained undeterred."

¶17     The Khans wholly fail to demonstrate that the circuit court erroneously exercised its discretion when it denied their reconsideration motion. In our examination of the record, at the reconsideration hearing, the court discussed the proper standards of law to review the motion to dismiss and the court then considered the facts under that framework.  The court distinguished between pleaded facts and legal conclusions. *See Data Key Partners*, 356 Wis. 2d 665, ¶19.  It exhaustively reviewed the relevant paragraphs of the complaint and the applicable case law to reaffirm its conclusion that the Khans had not

sufficiently pled their civil theft claim. The Khans are dissatisfied with the court's rejection of their claims; however, they have not demonstrated an "error in the circuit court's rationale that would justify reversal." *See **Bauer***, 400 Wis. 2d 592, ¶16.

¶18 While the Khans repeatedly assert that their pleadings were sufficient, they do not address the substance of this appeal—i.e., they do not identify in the record where the circuit court committed a "manifest error of law" that would have required the circuit court to grant reconsideration. They do not, for example, articulate how the circuit court erred in its analysis of their civil theft claim or in its conclusion that they had not sufficiently pled that they were bona fide purchasers of the vehicle.[5] Instead, the Khans "merely took umbrage with the court's ruling and rehashed old arguments." *See **Koepsell's***, 275 Wis. 2d 397, ¶44.

¶19 The Khans also fault the circuit court for not individually addressing their other claims on reconsideration and instead finding "it all to be a 'domino effect on civil theft.'" However, the court's motion hearing observation was consistent with the Khans' framing in their motion for reconsideration. Although the motion summarily argued that the court had erred by dismissing multiple claims against the Creditors, the Khans confined their substantive analysis to only one of those claims, civil theft.

---

[5] The sum total of their argument on this point in their brief-in-chief is a single sentence: "Appellants had properly pled, in paragraphs 7-22 of their initial Complaint, the specific ways in which they were Bonafide [sic] purchasers, but the Circuit Court remained undeterred." This singular reference, which fails to address any of the circuit court's discussion or reasoning, is inadequately developed to suffice as an assertion of manifest error. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) ("We may decline to review issues inadequately briefed.").

¶20   Based on the foregoing, two things are evident.  First, the circuit court did not erroneously exercise its discretion by limiting its reconsideration analysis to the civil theft claim because that was the only claim substantively addressed by the motion.  Second, to the extent the court individually addressed the pleading sufficiency of the Khans' remaining claims during its oral ruling the next day, it was responding to the Khans' criticism that the court had not done enough at the motion to dismiss hearing to individually analyze each claim.  The court's written order stated that its oral ruling "expanded and clarified" its prior ruling dismissing the claims for trespass, conversion, replevin, and the FDCPA violation.  The court's decision to briefly review why these claims were previously properly dismissed does not allow the Khans to present for the first time on appeal arguments that it did not brief in the circuit court.

¶21   Next, the Khans argue that the circuit court erred when it originally dismissed their action against the Creditors with prejudice.  A circuit court's decision to dismiss an action with prejudice is reviewed for an erroneous exercise of discretion, *Haselow v. Gauthier*, 212 Wis. 2d 580, 590-91, 569 N.W.2d 97 (Ct. App. 1997), but here we need not address the dismissal on its merits.  Instead, the Khans again bear the burden of demonstrating the circuit court's denial of their reconsideration motion was an erroneous exercise of discretion.

¶22   The Khans have failed to demonstrate an erroneous exercise of discretion when the circuit court refused to reconsider its dismissal with prejudice. The Khans did not object to the dismissal being with prejudice until *during* the reconsideration hearing.  As the court observed, the Khans failed to object under the Five-Day Rule to the proposed order that stated "the dismissal [was] with prejudice," and they failed to brief the issue in their motion for reconsideration. The court concluded the issue was forfeited because it was untimely.  *See* WIS.

9

STAT. § 802.10 (discussing the circuit court's calendar practice); *Hefty v. Strickhouser*, 2008 WI 96, ¶31, 312 Wis. 2d 530, 752 N.W.2d 820 (discussing the circuit court's inherent and statutory authority to manage its docket).

¶23 The circuit court considered the applicable facts under the proper standard of law and reached a reasonable conclusion. The Khans had ample opportunity to question the prejudice status of their dismissed claims but failed to do so both during the time period prescribed by local rules and in their motion for reconsideration. By those failures, the court reasonably regarded the Khans as having forfeited the right to raise dismissal with prejudice as an issue before the court at the reconsideration hearing. *See State v. Ndina*, 2009 WI 21, ¶¶29-30, 315 Wis. 2d 653, 761 N.W.2d 612 (discussing that a failure to object can forfeit or waive an issue). We do not discern an erroneous exercise of discretion in the circuit court's decision not to revisit this issue.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.